IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KEITH PLANNER,

    Plaintiff,

v.                                          CASE NO. 4:14cv20-RH/CAS

THE HONORABLE JOHN
McHUGH, Secretary of the
Department of the Army, United
States of America,

    Defendant.

_____/

## ORDER OF DISMISSAL

The plaintiff is a former member of the Army Reserves who is now a civilian employee of the Army. The plaintiff seeks an injunction that would preclude the defendant Secretary of the Army from terminating the plaintiff's civilian employment. The Secretary has moved to dismiss for lack of jurisdiction and failure to exhaust administrative remedies. This order grants the motion.

I

The plaintiff Keith Planner long held a dual-status position with the United States Army. He was both a member of the Army Reserves and, as a civilian, a full-time military technician or "miltech."

Service in the Army Reserves is a requirement for holding a miltech position. A person who separates from the Reserves can continue as a miltech for no more than another year. But there is an exception: a soldier who separates from the Reserves because of a "combat-related" disability may continue as a miltech without limitation. 10 U.S.C. § 10216(g)(1).

While deployed in Kuwait in support of the second war in Iraq, Mr. Planner lifted a duffel bag that contained military equipment, injuring his back. Mr. Planner says the injury was combat-related. That term is defined to include a disability caused by an "instrumentality of war." *See* 10 U.S.C. § 1413a(e)(D). The Army says a duffel bag—even one containing military equipment in a war zone during a war—is not an "instrumentality of war."

The injury rendered Mr. Planner unable to perform as required in the Reserves. The Army terminated Mr. Planner's Reserve status as of March 6, 2013, through a disability retirement. The Army intends to terminate Mr. Planner's civilian miltech employment as of March 6, 2014.

Mr. Planner seeks to block the termination.  He has moved for a preliminary injunction.  The Secretary has moved to dismiss on grounds that include lack of jurisdiction and failure to exhaust administrative remedies.

II

As a prerequisite to a preliminary injunction, a plaintiff must establish a substantial likelihood of success on the merits, that the plaintiff will suffer irreparable injury if the injunction does not issue, that the threatened injury outweighs whatever damage the proposed injunction may cause a defendant, and that the injunction will not be adverse to the public interest.  *See*, *e.g.*, *Charles H. Wesley Educ. Found., Inc. v. Cox*, 408 F.3d 1349, 1354 (11th Cir. 2005); *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc).  When a federal employee seeks a preliminary injunction blocking a discharge, the standard is especially stringent.  *See Sampson v. Murray*, 415 U.S. 61 (1974).  Mr. Planner is not entitled to a preliminary injunction because, as set out below, his complaint must be dismissed; he has not established a likelihood of success on the merits.

III

The Army has discharged Mr. Planner from the Reserves and proposes to terminate his civilian employment.  Two lines of authority indicate that if this case is viewed as a challenge to the discharge from the Reserves, the case cannot proceed.  A third line of authority indicates that even if the case is viewed as a

challenge only to the termination of Mr. Planner's civilian employment, the case still cannot proceed. This order addresses in turn these three lines of authority.

A

First, in *Von Hoffburg v. Alexander*, 615 F.2d 633 (5th Cir. 1980), a soldier challenged the Army's decision to discharge him based on homosexuality. The Fifth Circuit—in a decision now binding in the Eleventh—held that the soldier could proceed in court only after exhaustion of administrative remedies. The Fifth Circuit said, "this court has consistently held that a plaintiff challenging an administrative military discharge will find the doors of the federal courthouse closed pending exhaustion of administrative remedies." *Von Hoffburg*, 615 F.2d at 637. The court added:

> Because the military constitutes a specialized community governed by a separate discipline from that of the civilian, orderly government requires that the judiciary scrupulously avoid interfering with legitimate Army matters. In the military context, the exhaustion requirement promotes the efficient operation of the military's judicial and administrative systems, allowing the military an opportunity to fully exercise its own expertise and discretion prior to any civilian court review. *Hodges v. Callaway*, 499 F.2d 417 (5th Cir. 1974).

*Von Hoffburg*, 615 F.2d at 637-38. *See also Winck v. England*, 327 F.3d 1296, 1303 (11th Cir. 2003) (holding that a sailor was required to exhaust administrative remedies before challenging in court the Navy's *refusal* to discharge him).

In asserting the contrary, Mr. Planner relies primarily on *Watkins v. United States Army*, 875 F.2d 699 (9th Cir. 1989) (en banc). There the Ninth Circuit

allowed a challenge to the Army's refusal to reenlist a soldier, apparently on the view that pursuing the matter further within the Army would be futile and that the soldier thus had exhausted all *available* remedies. The basis of the Army's underlying decision in *Watkins*, as in *Von Hoffburg*, was homosexuality. If, as Mr. Planner asserts, *Watkins* sets a futility standard low enough to encompass his claim in this case, the answer is that this case is pending in the Eleventh Circuit, not the Ninth. The law in *this* circuit is established by *Von Hoffburg*. And in any event, there is no reason to believe Mr. Planner's administrative remedies are futile.

B

Second, even aside from the exhaustion issue, there are grounds to doubt a court's authority to review the Army's decision to discharge Mr. Planner. In *Feres v. United States*, 340 U.S. 135, 146 (1950), the Supreme Court held that "the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." The Court later expanded the *Feres* doctrine to encompass other claims for damages. *See Chappell v. Wallace*, 462 U.S. 296, 305 (1983).

More recently, the Eleventh Circuit applied the *Feres* doctrine to an employment claim asserted by a member of the Alabama National Guard. *See Speigner v. Alexander*, 248 F.3d 1292 (11th Cir. 2001). Holding the claim nonjusticiable, the court said, "civilian courts have traditionally deferred to the

Case No. 4:14cv20-RH/CAS

superior experience of the military in matters of duty orders, promotions, demotions, and retentions." *Id.* at 1298 (quoting *Knutson v. Wisconsin Air Nat'l Guard*, 995 F.2d 765, 771 (7th Cir. 1993)).

The Eleventh Circuit has applied these same principles in a case very close to Mr. Planner's. In *Koury v. Secretary, Department of Army*, 488 F. App'x 355 (11th Cir. 2012), the plaintiff was a dual-status technician, much like Mr. Planner. The plaintiff challenged employment decisions—two denials of a promotion and a later reassignment. The district court dismissed the complaint for lack of subject matter jurisdiction. On appeal, the plaintiff asserted that his claims arose from his civilian employment, not from his military service. The Eleventh Circuit rejected the assertion, concluding that judicial interference with a dual-status technician's relationship to military operations and objectives "would implicate civilian courts in conflicts involving military structure and decisions," 488 F. App'x at 358, thus violating the *Feres* doctrine. *Koury* is nonpublished and thus nonbinding, but it is a recent Eleventh Circuit decision very nearly on point, and it is, at least, persuasive.

In sum, the law of the circuit suggests that Mr. Planner's claims involve "military operations and objectives" and thus are nonjusticiable.

C

Finally, even if Mr. Planner's claims could be said to implicate only the civilian aspects of his employment, the claims still could not go forward in this court at this time. Exhaustion of administrative remedies is required even for federal *civilian* employees.

A civilian employee's termination may be reviewed by the Merit Systems Protection Board. *See* 5 U.S.C. § 7701(a). The MSPB has addressed claims of dual-status employees like Mr. Planner. *See, e.g.*, *Fitzgerald v. Dep't of Air Force*, 108 M.S.P.R. 620 (2008); *Hall v. Office of Pers. Mgmt.*, 102 M.S.P.R. 682 (2006). An MSPB decision is subject to judicial review. 5 U.S.C. § 7703(a). But review is available not in a district court but only in the Federal Circuit, *id*. § 7703(b)(1)(A), unless the employee alleges, as at least one ground for relief, discrimination prohibited by one or more specific civil-rights statutes, including, for example, Title VII. *See*, *e.g.*, *Kloeckner v. Solis*, 133 S. Ct. 596, 600-01 (2012); *Ikossi v. Dep't of Navy*, 516 F.3d 1037, 1040-41 (D.C. Cir. 2008). Mr. Planner makes no claim of discrimination. And in any event, a federal civilian employee cannot bypass the MSPB and go directly to court, as Mr. Planner seeks to do here.

Case No. 4:14cv20-RH/CAS

IV

For these reasons, Mr. Planner is not entitled to a preliminary injunction. Instead, this case must be dismissed for lack of jurisdiction and failure to exhaust administrative remedies. Accordingly,

IT IS ORDERED:

1. The motion to dismiss, ECF No. 16, is GRANTED.

2. The clerk must enter judgment stating, "The complaint is dismissed without prejudice for lack of jurisdiction and failure to exhaust administrative remedies."

3. The motion for a preliminary injunction, ECF No. 1, as amended, ECF No. 7, is DENIED. The scheduled hearing on the motion is canceled.

4. The clerk must close the file.

SO ORDERED on February 21, 2014.

           s/Robert L. Hinkle
           United States District Judge